UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JOSE PEREZ SILVA,                                          Case No. 2:19-cv-00983-AA

               Petitioner,                                  OPINION AND ORDER

     v.

BRAD CAIN, Superintendent, Snake
River Correctional Institutional,

               Respondent.
_____

AIKEN, District Judge.

       Petitioner brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and challenges his conviction for Murder on grounds that his trial counsel provided constitutionally ineffective assistance in violation of his Sixth Amendment rights. The Oregon courts rejected petitioner's claim, and he fails to overcome the deference this Court must afford state court decisions. Petitioner is not entitled to federal habeas relief, and the Petition is denied.

BACKGROUND

On November 17, 2005, petitioner was indicted for the murder of Anna Meraz, a woman with whom he had a previous friendship. Resp't Ex. 102; Transcript of Proceedings (Tr.) at 287, 424-25.[1] Meraz, who was married with two young children, had spurned petitioner's numerous attempts to establish or continue a relationship. Tr. 592-93, 737-39.[2]

On May 3, 2005, petitioner was driving Meraz to her job near Ashland, Oregon, and he again tried to kindle a relationship. Tr. 593, 811. When Meraz rejected him, petitioner stabbed her over a dozen times, breaking the knife in her skull and severing critical veins and arteries in her chest cavity. Tr. 99, 112-13, 386-90, 392-93, 739-42; *see also* Resp't Exs. 122, 124. Meraz attempted to call 911 and petitioner interrupted the call, provided false information to the dispatcher, and fled the scene on foot. Tr. 76-80, 87-91, 260-61. Paramedics arrived seven minutes later and Meraz died shortly afterward from the loss of blood. Tr. 95, 397-98.

Petitioner fled the State of Oregon, first traveling to California and then to Mexico. Tr. 201, 461, 491. In May 2009, four years after the murder of Meraz, petitioner was apprehended in Mexico and returned to Oregon. Tr. 493.

Petitioner notified the State that he intended to rely on the defense of extreme emotional disturbance (EED). Tr. 10-11. Prior to trial, petitioner's counsel suggested that he waive jury and proceed to trial before the court. According to petitioner, counsel stated that the EED defense would be complicated for a jury to understand and the judge assigned to trial was "nice" to inmates. Resp't Ex. 122 at 17-18; *see also* Resp't Ex. 128 at 9.

---

[1] The cited page numbers refer to the numbers at the top right corner of the transcript.

[2] Trial testimony did not corroborate a "mutual, sexual" relationship between petitioner and Meraz, and the trial court questioned whether petitioner had exaggerated the nature of their relationship. Tr. at 892. Regardless, the trial court found that the evidence reflected petitioner's "unhealthy obsession" with Meraz. *Id.*

On July 20, 2011, petitioner signed a waiver of jury trial, which included a certification by counsel that petitioner understood his right to trial and knowing and voluntarily waived it. Resp't Ex. 121.

On August 24, 2011, at the beginning of trial, the court asked petitioner whether he understood his waiver of jury and whether he wished to continue without a jury. Petitioner confirmed that he understood his rights and wanted to proceed with a court trial. Tr. at 31. The court accepted petitioner's waiver and the case went to trial before the court.

During trial, both petitioner and the state presented expert witness testimony regarding petitioner's claimed EED defense. *See* Tr. 556-96, 695-730. At the close of evidence and argument, the trial court found that petitioner intended to kill Meraz and rejected his EED defense. Although the trial court found that petitioner had experienced an extreme emotional disturbance, the court ruled that his disturbance and explanation for his actions were not reasonable under the circumstances. Tr. 903-05; *see* Or. Rev. Stat. §§ 163.115(1)(a), 163.135. Accordingly, the trial court convicted petitioner of Murder and imposed a sentence of life with the possibility of parole in twenty-five years. Tr. 909; Resp't Ex. 101.

Petitioner directly appealed and challenged the sufficiency of the evidence. Resp't Ex. 103. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Resp't Ex. at 105-07.

Petitioner then sought post-conviction relief (PCR) and claimed that counsel provided ineffective assistance by failing to ensure that his waiver of jury was knowing and voluntary and failing to secure a competent interpreter. Resp't Ex. 113 at 5. The PCR court denied relief, the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Resp't Exs. 129, 135-36.

<u>DISCUSSION</u>

Petitioner asserts six grounds for relief based on the ineffective assistance of counsel and two grounds for relief based on trial court error. *See* Pet. at 9-12 (ECF No. 2). Respondent contends that, except for Ground Two, petitioner's claims are unexhausted and barred from federal review. *See* 28 U.S.C. § 2254(b)(1)(A); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

Petitioner presents argument to support only Ground Two and does not dispute that his remaining grounds for relief are unexhausted. *See* Pet'r Br. at 21 n. 3 (ECF No. 41). Accordingly, petitioner fails to meet his burden of establishing entitlement to habeas relief on Grounds One and Grounds Three through Eight. *See Mayes v. Premo*, 766 F.3d 949, 957 (9th Cir. 2014) (a habeas petitioner bears the burden of proving his case); *Davis v. Woodford*, 384 F.3d 628, 637-38 (9th Cir. 2004) (accord).

In Ground Two, petitioner claims that his trial counsel provided ineffective assistance by failing to ensure he knowingly waived his right to a jury trial. Petitioner argues that counsel unreasonably and mistakenly viewed petitioner's EED defense as complicated and placed too much emphasis on the temperament of the trial judge. In light of counsel's advice, petitioner argues that he did not enter a knowing waiver of his right to jury trial.

The PCR court rejected this claim and found no inadequacy by counsel because: 1) counsel discussed the issue of waiving jury with petitioner; 2) the issue of waiver was raised with the court prior to trial; 3) petitioner signed a jury waiver more than one month before trial; and 4) the trial court inquired about the waiver in open court and petitioner confirmed his choice to waive a jury trial. Resp't Ex. 129 at 2-3. The PCR court also found that trial before the court was a "reasonable strategy with "this type of defense." *Id.* at 2. Finally, the PCR court noted that the EED defense was "somewhat successful" and found "no reason to believe the defense would have been any

more successful [if tried] to a jury" because the facts of the case were "egregious." *Id.* Respondent maintains that the PCR court's decision was reasonable and is entitled to deference.[3]

A federal court may not grant habeas relief regarding any claim "adjudicated on the merits" in state court, unless the state court ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" established federal law if it fails to apply the correct Supreme Court authority or reaches a different result in a case with facts "materially indistinguishable" from relevant Supreme Court precedent. *Brown v. Payton*, 544 U.S. 133, 141 (2005); *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court decision is an "unreasonable application" of clearly established federal law if the state court identifies the correct legal principle but applies it in an "objectively unreasonable" manner. *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) (per curiam); *Williams,* 529 U.S. at 407-08, 413; *see Penry v. Johnson*, 532 U.S. 782, 793 (2001) ("even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable").

To meet this highly deferential standard, a petitioner must demonstrate that "the state court's ruling on the claim was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). The AEDPA standard is "difficult to meet" and

---

[3] Respondent also contends that any claim of ineffective assistance based on counsel's advice was not fairly presented to the Oregon courts and is unexhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). The record reflects that the reasonableness of counsel's advice was argued before the PCR court and on appeal in the context of assessing the validity of petitioner's waiver. *See* Resp't Exs. 114 at 8-9, 118 at 3, 128 at 17-19; *see also* Resp't Exs. 130 at 16, 133 at 8 (PCR appellate briefs explaining petitioner's PCR claim was that "counsel was ineffective and inadequate for failing to ensure that petitioner's waiver of right to jury trial was knowing and voluntary"). I consider the reasonableness of counsel's advice in the same context.

"demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Under the well-established precedent of *Strickland v. Washington*, 466 U.S. 668 (1984), a habeas petitioner alleging the ineffective assistance of counsel must show that 1) "counsel's performance was deficient" and 2) counsel's "deficient performance prejudiced the defense." *Id.* at 687. To establish deficient performance, petitioner "must show that counsel's representations fell below an objective standard of reasonableness." *Id.* at 688. To demonstrate prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Unless petitioner "makes both showings, it cannot be said that the conviction...resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

Petitioner argues that the PCR court unreasonably applied *Strickland* when it found no deficiency on the part of counsel, because petitioner relied on counsel's unreasonable advice when he waived his right to a jury trial and the trial court's inquiry into his waiver was "perfunctory, at best." Pet'r Br. at 33. I disagree and find no unreasonable application of *Strickland*.

As noted by the PCR court, petitioner signed a waiver of his right to jury in July 2011, indicating that he wished to proceed with trial to the court and he was giving up his right to a jury trial. Resp't Ex. 121. Approximately five weeks later, the trial court engaged in a colloquy with petitioner to confirm that his waiver of jury was knowing and voluntary:

| THE COURT: | All right. Mr. Silva… Do you understand that this case is going to be heard without a jury? |
| PEREZ-SILVA: | Yes. |
| THE COURT: | And do you understand that you have a right to a jury? |
| PEREZ-SILVA: | Yes. |

| | |
|---|---|
| THE COURT: | On July 20, 2011, I received a filing [in] which you waived your right to a jury trial. Do you remember signing that document? |
| PEREZ-SILVA: | Yes. |
| THE COURT: | Is it still your intention to proceed without a jury? |
| PEREZ-SILVA: | Yes. |
| THE COURT: | And your decision has – has not been influenced by any threats or promises or anything of that nature. Is that correct? |
| PEREZ-SILVA: | Yes. |
| THE COURT: | All right, all right, very well. This case will proceed without a jury. |

Tr. at 31.

Further, the record reflects that counsel and petitioner discussed whether to proceed to trial before a judge or a jury. Resp't Ex. 123. While counsel could not remember the exact conversation with petitioner, counsel generally informed petitioner that a waiver would mean that the judge would determine whether petitioner was guilty rather than twelve people on a jury. *Id.* at 2. Counsel also advised petitioner that it was his decision whether to proceed before a judge or a jury. *Id.* The PCR court accepted counsel's affidavit, and this evidence, along with petitioner's signed waiver and colloquy with the trial court, contradicts petitioner's claim that he did not understand the choice to waive jury was his and not counsel's.

The record also supports the PCR court's finding that counsel was not deficient by suggesting trial before the court. According to counsel, he advised petitioner that a judge, with "legal training and years of practice, might be better equipped to avoid any emotional component" and base a decision "solely on the facts introduced at trial and the applicable law." *Id.* The PCR court found this strategy was "reasonable" given petitioner's asserted EED defense and the

Page 7    - OPINION AND ORDER

"egregious" facts of the case. It was undisputed that petitioner committed a grisly stabbing of Meraz because she rejected his advances, and he then interfered with emergency responders' efforts, left her to bleed to death on the side of a freeway, and fled the state. Given these facts, the PCR court reasonably found no deficiency arising from the suggestion that petitioner might obtain a more favorable result with a judge rather than a jury.

On federal habeas review, a state court decision regarding a claim of ineffective assistance "must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Richter*, 562 U.S. at 101; *see also Cheney v. Washington*, 614 F.3d 987, 995 (9th Cir. 2010) (explaining that a "doubly deferential" standard applies when "a federal court reviews a state court's *Strickland* determination"). Here, the PCR court afforded counsel the deference mandated by *Strickland*, and its ruling was not "so lacking in justification" so as to render it unreasonable. *Richter*, 562 U.S. at 103.

Accordingly, petitioner fails to show that he is entitled to federal habeas relief.

## CONCLUSION

The Petition for Writ of Habeas Corpus (ECF No. 2) is DENIED. A Certificate of Appealability is DENIED on the basis that petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

DATED this  5th  day of November, 2021.


_____/s/Ann Aiken_____
Ann Aiken
United States District Judge